Argued and submitted July 29, reversed and
remanded for further proceedings December 1, 1981

In the Matter of the Compensation of
James Eber, Claimant. ·

EBER,
*Petitioner,*

*v.*

ROYAL GLOBE INSURANCE
COMPANY et al,
*Respondents.*

(79-4969 & 79-4048,
CA 19751)

636 P2d 1007

Roger D. Wallingford, Portland, argued the cause and
filed the brief for petitioner.

Margaret H. Leek Leiberan, Portland, argued the cause for respondent Royal Globe Insurance Company. With her on the brief was Lang, Klein, Wolf, Smith, Griffth & Hallmark, Portland.

Marshall Cheney, Portland, argued the cause for respondent Industrial Indemnity Company. With him on the brief were Bruce L. Byerly, and Cheney & Kelley, Portland.

Before Buttler, Presiding Judge, and Joseph, C. J., and Warden, J.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant appeals from a determination by the Workers' Compensation Board (Board), contending that the Board erred in (1) affirming the referee's denial of compensability for a condition of the *left* knee, and (2) reversing the referee's finding of compensability for a condition of the left wrist. We find both conditions to be compensable and Industrial Indemnity Company to be the responsible carrier.

In November, 1977, claimant, a 50-year-old male, 6' 3-1/2" tall and weighing 250 pounds, sustained an on-the-job injury to his *right* knee which required a meniscectomy operation in February, 1978. Respondent Industrial Indemnity accepted responsibility for the claim arising out of that injury. Following that injury, greater stress was placed on claimant's *left* knee, already weakened by a degenerative arthritis secondary to a previous cartilage injury and a meniscectomy in 1959, and by a compensable strain to that knee occurring in 1975, when claimant's employment was covered by respondent Royal Globe Insurance Company.

In a report dated December 7, 1978, prior to the surgery on the *right* knee, claimant's treating doctor documented the stressful effect the *right* knee injury had on the *left* knee and predicted that the *left* knee would require further treatment as a result, although he commented at that time that the *left* knee was "not related particularly to this claim [for the *right* knee]." Claimant did, in fact, have further problems with the *left* knee: surgery on it was performed in April, 1979. Both the Board and referee relied on the doctor's comment, quoted above, to support the conclusion that claimant did not prove the compensability of the *left* knee condition. As we view the record as a whole, the uncontroverted medical evidence supports the conclusion that the injury to the *right* knee exacerbated the pre-existing *left* knee condition to the extent that the *left* knee ultimately required surgery. Because that condition was the natural result of a new injury rather than simply an aggravation, Industrial Indemnity, and not Royal Globe, is the responsible carrier.

Following the surgery to the right knee in February, 1978, claimant used crutches for about six weeks after

his release from the hospital. During that period, claimant developed a worsening of a pre-existing carpal tunnel syndrome in his left wrist, for which surgery was performed in February, 1979. Industrial Indemnity denied responsibility for the left wrist condition.

In April, 1979, prior to the left knee surgery but after the right knee surgery, the treating physician reported that the carpal tunnel syndrome in the left arm had been precipitated by claimant's use of his left hand and wrist in helping him stand and support himself with crutches. In its order, the Board stated that medical evidence was necessary to show that claimant was required to use crutches because of the *right* knee injury and observed that the treating doctor referred only to "knees" in the plural, but not specifically to the right knee. Because the Board had concluded that the left knee condition was not related causally to the right knee injury, its apparent reasoning was that if the use of crutches was required only because of the condition of both of claimant's knees, there was no causal link between the right knee and the use of crutches. We have concluded that claimant's left knee condition is compensable, so even if the crutches would not have been reasonably required solely for the right knee injury, the record supports their use here.

Claimant's use of crutches following knee surgery appears to be a "direct and natural consequence of the original injury." *See Wood v. SAIF,* 30 Or App 1103, 1108, 569 P2d 648 (1977), *rev den* 282 Or 189 (1978). A chain of causation is thus established between the right knee injury and the deterioration of claimant's left wrist carpal tunnel. Because the left wrist condition derives from the right knee injury, we find Industrial Indemnity also responsible for the left wrist condition.

Reversed and remanded for further proceedings.